UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CALHOUN,

        Petitioner,

                                            Case No. 10-13538
v.                                         Honorable Patrick J. Duggan

BONITA HOFFNER,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254 AND DENYING PETITIONER A CERTIFICATE OF APPEALABILITY

On September 6, 2010, Petitioner, through counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his June 21, 2005 convictions for second degree murder and possession of a firearm by a convicted felon following a jury trial in the Circuit Court for Wayne County, Michigan. In support of his request for habeas relief, Petitioner asserts prosecutorial misconduct, the denial of his due process rights to a fair trial due to extraneous influence on the jury when two jurors visited the crime scene, insufficiency of the evidence, and ineffective assistance of counsel. On March 11, 2011, Respondent answered the petition arguing that most of Petitioner's claims are procedurally defaulted and that all of his claims lack merit. The Court referred the matter to Magistrate Judge Paul J. Komives for a report and recommendation and all pretrial proceedings. (ECF No. 7.)

On August 27, 2012, Magistrate Judge Komives issued a Report and Recommendation ("R&R") in which he recommends that this Court deny the petition. (ECF No. 9.) Magistrate Judge Komives suggests that it is most efficient for the Court to analyze the merits of Petitioner's claims, rather than evaluate whether any claim has been procedurally defaulted, because Petitioner asserts ineffective assistance of appellate counsel as cause for any default and thus the merits of his claims still will need to be evaluated under the cause and prejudice inquiry to excuse any procedural default. (*Id*. at 12.) Magistrate Judge Komives further recommends that the Court deny Petitioner a certificate of appealability. (*Id*. at 36-37.)

At the conclusion of the R&R, the magistrate judge informs the parties that they must file any objections to the R&R within fourteen days. (*Id*. at 37.) Petitioner filed timely objections to the R&R on September 10, 2012. (ECF No. 11.)

**Standard of Review**

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file *specific* objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th

Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985).

### Petitioner's Objections

#### Objections to Procedural Default Ruling

Petitioner first objects to Magistrate Judge Komives' finding that some of his claims are procedurally defaulted. It is not necessary for this Court to decide whether Magistrate Judge Komives was correct in this finding or to review the procedural default issue *de novo*. Regardless of his conclusion, Magistrate Judge Komives proceeded to evaluate the merits of Petitioner's claims and recommended that the Court do the same, even with respect to the defaulted claims. Petitioner's objections therefore do not warrant a different outcome than that recommended by Magistrate Judge Komives.

#### Objections to Sufficiency of Evidence and Actual Innocence Findings

Petitioner challenges Magistrate Judge Komives' analysis of his sufficiency of the evidence claim, specifically the magistrate judge's reliance on Barbara Spanish's testimony to establish Petitioner's guilt. Petitioner argues that a rational jury could not have accepted Ms. Spanish's testimony in light of the other evidence presented at trial. The Court finds no error in Magistrate Judge Komives' analysis and adopts his analysis as its basis for rejecting Petitioner's objection. Viewed in a light most favorable to the prosecution, Ms. Spanish's testimony, if believed by the jury, provided sufficient evidence to convict Petitioner. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct.

2781, 2789 (1970). Whether her testimony was credible in light of the evidence presented is a determination left to the jury. *United States v. Owusu*, 199 F.3d 329, 344 (6th Cir. 2000).

Petitioner further objects to Magistrate Judge Komives' analysis of his actual innocence claim, contending that the magistrate judge did not "consider[] the criminal consequences to [Damond] Stevens and [Charles] Amerson should they lie in their respective affidavits." (ECF No. 11 at 8.) Nothing suggests that Magistrate Judge Komives failed to consider the consequences to the affiants if they lied in their affidavits. Moreover, for the reasons set forth in the R&R, this Court agrees with Magistrate Judge Komives that Mr. Stevens' and Mr. Amerson's affidavits fail to establish Petitioner's innocence under the standard set forth by the Supreme Court. (*See* ECF No. 9 at 20-23; *see also Schlup v. Delo*, 513 U.S. 293, 324, 115 S. Ct. 851, 865 (1995).)

Objections to Prosecutorial Misconduct Findings

Petitioner objects to Magistrate Judge Komives' finding that the prosecutor did not commit prosecutorial misconduct warranting habeas relief during his closing argument by arguing prior inconsistent statements as substantive evidence. This Court agrees with Magistrate Judge Komives, who agreed with the Michigan Court of Appeals, that the prosecutor used the prior inconsistent statements to impeach a witness, rather than as substantive evidence. This Court further finds no error warranting habeas relief in light of the fact that the trial court explicitly instructed the jury that a witness' prior inconsistent statements could be considered for impeachment purposes only.

<u>Objections to Extraneous Jury Influence Findings</u>

Petitioner objects to Magistrate Judge Komives' reliance on the trial court's finding that there was no prejudicial influence on the jury resulting from a visit by two jurors to the crime scene because the jurors took no mental notes and agreed that their visit would not impact their ability to decide the case only on the evidence presented at trial.  The state trial court's factual findings must be presumed correct, however, unless there is clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). In this case, there is no clear and convincing evidence to reject the trial court's finding.

The jury sent the trial judge a note indicating that two jurors "were detoured this morning towards the area of the crime scene . . . and took mental notes regarding the layout of the area comparative to Mr. Avery's testimony." (*See* Pet. Ex. C.)  When separately questioned by the court, however, both jurors denied taking mental notes of the area or comparing what they saw to the witness' testimony.  (6/20/05 Trial Tr. at 17, 19-20.)  Rather, the jurors explained that they had driven to court together that morning and there was a detour that caused them to pass the area where the shooting occurred. (*Id*. at 15-20.)  Both jurors stated that they were focused on trying to find a way to get back on route and "didn't observe anything." (*Id*.)  They also stated that they would render a decision based on the evidence presented at the trial, rather than on anything they might have inadvertently seen. (*Id*.)  This Court must accept the trial court's assessment of the jurors' credibility absent clear and convincing evidence to the contrary.  There is no such contrary evidence.

<u>Objections to Ineffective Assistance of Counsel Findings</u>

Petitioner objects to the magistrate judge's conclusion that his trial counsel made a strategic decision to call Betty West as a defense witness and therefore did not provide ineffective assistance of counsel to Petitioner. Petitioner argues that because Ms. West's testimony corroborated Ms. Spanish's testimony, trial counsel was ineffective in presenting her as a witness under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064 (1984).

The state court rejected Petitioner's claim, finding a strategic reason for the decision by Petitioner's trial counsel to call Ms. West as a witness. Pursuant to the standard of review set forth in § 2254(d)(1), a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Knowles v. Mirzayance*, 556 U.S. 111, 129 S. Ct. 1411, 1420 (2009). On habeas review, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable– a substantially higher threshold.'" *Id*. at 1420 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S. Ct. 1933, 1939 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." *Harrington v. Richter*, 131 S. Ct. at 785. This Court cannot find the Michigan Court of Appeals' determination on this issue to be unreasonable.

Petitioner further objects to Magistrate Judge Komives' analysis of his ineffective assistance of appellate counsel claim.  In light of this Court's rejection of Petitioner's other objections, it concurs with the magistrate judge's analysis of this ground for relief.

<u>Objections to Certificate of Appealability Findings</u>

Petitioner urges this Court to grant a certificate of appealability, pointing out that his petition was not summarily dismissed.  However, the criteria for determining whether a habeas petition should be summarily dismissed and the standard for deciding whether to issue a certificate of appealability are not equivalent.  Under Rule 4 of the Rules Governing Section 2254 Cases, the district court has the duty to "screen out" petitions that lack merit on their face.  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  In comparison, a petitioner is entitled to a certificate of appealability if "the applicant has made a *substantial* showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  While the grounds asserted in Petitioner's application for habeas relief may not be frivolous, this Court agrees with Magistrate Judge Komives that reasonable jurists would not find it debatable whether Petitioner's claims should have been resolved in a different manner.  *See Slack v. McDaniel*, 529 U.S. 473, 483, 120 S. Ct. 1595, 1603-04 (2000).  The Court therefore concurs that Petitioner is not entitled to a certificate of appealability.

**Conclusion and Certificate of Appealability**

For the above reasons, and the reasons set forth in Magistrate Judge Komives' R&R, this Court agrees with Magistrate Judge Komives that the grounds asserted in support of Petitioner's request for habeas relief lack merit and that the petition therefore should be denied. The Court also adopts Magistrate Judge Komives' recommendation to deny a certificate of appealability. Petitioner fails to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Accordingly,

**IT IS ORDERED**, that the Court adopts Magistrate Judge Komives' August 27, 2012 Report and Recommendation;

**IT IS FURTHER ORDERED**, that Petitioner's application for a writ of habeas corpus is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner is denied a certificate of appealability.

Date: November 15, 2012                    s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE

Copies to:
Laura Kathleen Sutton, Esq.
Laura A. Cook, Esq.
Magistrate Judge Paul J. Komives